## Cone v. Cotton and Another.

Although oyer of a record is not demandable, yet if profert of the record of a judgment on which the suit is brought be made and oyer granted, the defendant may demur if the judgment be of no validity. So if the judgment be of a justice's Court in another state, which is not a Court of record.

A scire facias was issued by a justice of the peace in *Ohio* on the transcript of a judgment of another justice there; and, on a return of the writ "not found," judgment was rendered for the plaintiff. On that judgment, an action was brought in a justice's Court of this state. *Held*, that the judgment, having been rendered without service of the writ, or the return of two nihils, would not, on common law principles, support the action. *Held*, also, that if the judgment was authorised, by a statute of *Ohio*, on one return of "not found," the declaration should have shown that fact.

The constitution of the *United States*, requiring full faith and credit to be given in each state to the judicial proceedings of every other state, does not apply to a judgment which has been rendered without the defendant's having had legal notice of the suit.

ERROR to the *Shelby* Circuit Court.

Holman, J.—Debt on a judgment of a justice of the peace of the state of *Ohio*. The plaintiff made profert of an authenticated transcript of said judgment. The defendants craved oyer of the transcript which was granted. And in this, it is said by the plaintiff that the Circuit Court erred. But it should be remembered, that, although oyer of a record is not properly demandable, yet, if profert is made, and oyer granted, no error is committed. So as it respects the transcript of this

judgment. It is not a record; but as both parties have treated it as a record, we see no reason that either has to complain; and more especially in a case like this, where the sufficiency of the judgment to support the action will be the same, whether it is adjudicated upon on a demurrer to the declaration, or when shown as evidence to the jury. The defendants, having obtained oyer of the transcript, demurred and had judgment.

The transcript is as follows:—*Charles Cone,* sen. v. *William Cotton,* sen. and *William Cotton,* jun. (bail.) In transcript. Transcript from the docket of *John Garard,* a late justice of the peace, in and for the township of *Crosby,* and county of *Hamilton,* state of *Ohio.* Judgment entered by *J. Garard,* Esquire, on the 2d of *February,* 1821, against defendant for the sum of 43 dollars and 44 cents. The same had been taken by transcript from the docket of *Joab Comstock,* a late justice of the peace in and for the township of *Crosby,* and county of *Hamilton,* state of *Ohio.* Which justices, at this time, are both out of office. The date of the judgment entered by *Joab Comstock,* Esquire, is 30th of *March,* 1820. *April* 29th, 1825, I issued a scire facias against both defendants, returnable on the 4th *May* next. Scire facias returned on the 4th *May.* Defendants not found. *May* the 4th, I give judgment against the defendants in favour of the plaintiff for the sum of 54 dollars and 34 cents, and costs of suit.—*John D. Moore,* J. P.

To this is annexed the certificate of said *Moore,* that the foregoing is a true transcript of the proceedings had before him, and of the judgment entered by him. This is followed by a certificate of the clerk that *Moore* was a regular justice of the peace; the certificate of the presiding judge, &c. This authentication does not extend to the official acts of *Garard* and *Comstock;* but as this action is not founded on the judgment given by either of them, but on the judgment given by *Moore* on the scire facias, it is not directly material that we should have conclusive evidence that either *Garard* or *Comstock* acted officially. The judgments given by them may be considered as only recited in the scire facias, and requiring no other proof, or authentication, than is required of any other judgment so recited.

This transcript gives no precise information of the object of

this scire facias. But, whatsoever may have been the purpose to be effected by it within the compass of the common law, it must be regulated by the principles of the common law. Testing this scire facias by common law principles, we find that it has not been executed in such a way as would authorise a judgment. When a scire facias has not been executed by personal service, the common law requires that there should be a return of two "nihils;" or, what in this country may be considered as equivalent, two returns of "not found." This scire facias was not executed by personal service, and there was but one return of "not found;" which would not warrant the judgment. Even if that provision in the constitution of the United States, that requires us to give full faith and credit to the judicial proceedings of other states, extended to the judgments of justices of the peace; it could not require us to consider such judgments valid, if given without notice, or what amounts to the same thing, without legal notice. See 1 Stark. Ev. 214, 215;—*Bissell* v. *Briggs*, 9 Mass. R. 462;—and the cases cited in *Borden* v. *Fitch*, 15 Johns. R. 121 (1). If we take it for granted, that constructive notice by two returns of "nihil," as authorised by the common law, would be sufficient; yet less than this can by no means suffice. If there is a statute of *Ohio*, authorising a justice of the peace to give judgment on a scire facias, on one return of "not found," we know nothing of it, and can presume nothing about it. If the existence of such a statute had been averred in the declaration, we might have adjudicated upon its effect; as it is, we have nothing to do with it (2). As the case stands, the judgment on which the plaintiff relies having been given without notice, either personal or constructive, is, on common law principles, a mere nullity; and, being unaided by any averment, forms no cause of action whatever. If oyer of this transcript had not been granted, and the cause had passed to a jury on the issue of nil debet, and the transcript had been offered in evidence, it must have been rejected, as affording no evidence of a demand against the defendants; so that the result would have been as it now is—the action would have been unsupported.

*Per Curiam.*—The judgment is affirmed with costs.

*Wick*, for the plaintiff.

*Fletcher*, for the defendants.

(1) Vide *Holt* v. *Alloway*, post, this term, and note.

(2) Vide *Stout* v. *Wood*, Vol. 1. of these Rep. 71.—*Elliott* v. *Ray*, ante p. 31, and note (2). An action of debt was brought in *N. York* on the judgment of a justice in *Vermont*. The declaration averred that the judgment had been rendered on, &c. at, &c. in *Vermont*, by *J. P.* one of the justices of the peace within and for the county of *Bennington*, then and still being such justice and having full power and competent jurisdiction in said cause, by the confession of the defendant; and that the justice rendered judgment in favour of the plaintiff for 171 dollars debt or damages, with costs, &c. Demurrer to the declaration and judgment for the defendant. *The Court* said, that the declaration was defective in not setting out facts sufficient to give jurisdiction to the justice; that the statute giving jurisdiction to the justice ought to have been pleaded; and that the general averment of jurisdiction was not enough. *Sheldon* v. *Hopkins*, 7 Wend. 435. Vide also *Thomas* v. *Robinson*, 3 id. 267.— *Cleveland* v. *Rogers*, 6 id. 438: