Nov. Term, 1827.

SACKETT v. WILSON.

---

## SACKETT *v.* WILSON, Executrix.

An account, commencing "*A. B.* debtor to *C. D.*," and then setting out the items, dates, sums, &c.—was filed in the Circuit Court upon the application of an executor, under the statute of 1824: *Held*, that the account was sufficiently particular.

If a feme sole marry, pending a suit against her, the suit does not abate; but the plaintiff may proceed against her alone, without noticing the marriage.

ERROR to the *Marion* Circuit Court.

*Tuesday, November 6.*

BLACKFORD, J.—The plaintiff had an account against the estate of *Wilson*, of which estate the defendant was executrix. In conformity to the statute, the executrix, in *January*, 1825, required the plaintiff to file his account in the Circuit Court for examination. The plaintiff, accordingly, in *February* following, filed a copy of his account in the clerk's office. At the following term in *April*, and at the subsequent terms until the rendition of the judgment in *October*, 1826, the parties regularly appeared in the suit. The plaintiff, at one of those terms, to wit, that of *April*, 1826, suggested of record the marriage of the defendant pending the suit, which was admitted; and at the term of *October*, 1826, he again suggested the marriage, and moved for an order of the Court, making the husband a party to the suit. Upon the motion for an order to make the husband a party being overruled, the plaintiff offered

Nov. Term,
1827.

SACKETT
v.
WILSON.

to prove his account, but the Court refused to permit him to do so, and dismissed the cause.

To support the judgment of the Circuit Court, the defendant contends, first, that the account filed was insufficient to enable him to plead; secondly, that the plaintiff was proceeding against a feme covert, without having made the husband a party.

This appears to be a plain case. As to the first point, we think the account filed is sufficiently particular, to come within the provision of the statute. It commences as follows: *Isaac Wilson* debtor to *Letus Sackett.* It sets out the items of the account particularly, with the dates, sums, &c. The statute requires no more (1).

There is nothing in the second point. The Court correctly overruled the motion, to make the husband a party: that could only be done by scire facias. But the plaintiff was not obliged to proceed against the husband. Upon the failure of his motion to make the husband a party, he offered to proceed in the cause against the defendant alone. This we conceive he had a right to do. The marriage of the defendant did not in any respect affect her liability. At the commencement of the action, she was a feme sole; and she could not, by taking a husband, abate the suit, or prevent its progressing against her alone. 1 Chitt. Pl. 45.—Hamm. on Part. 227 (2).

The Circuit Court, therefore, committed an error in dismissing the suit.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*Wick,* for the plaintiff.

*Fletcher* and *Brown,* for the defendant.

---

(1) R. C. 1824, pp. 318, 319. Stat. 1833, pp. 113, 114.

(2) If a feme sole, during the pendency of a suit instituted by or against her, marry, the action does not for that cause abate, but, upon the suggestion on record of the marriage with the name of the husband, the suit proceeds against or in favour of the husband and wife, and is determined in the same manner as if the marriage had taken place before the commencement of the suit. Stat. 1826, p. 53. Acc. R. C. 1831, p. 410.