Nov. Term,
1837.

DOUGHTON
v.
TILLAY.

DOUGHTON *v.* TILLAY and Others.

A paper purporting to be an answer to a bill of discovery, and to have been sworn to before a magistrate in *Kentucky*, was offered in evidence in a suit at law. *Held*, that to render the paper admissible evidence as an answer, there should be proof of its having been filed as such, of the signature of the party to it, and of the officer to the attestation. *Held*, also, that to its admission as a voluntary affidavit, proof of the party's signature and of its having been legally sworn to, was necessary;—and that as a written acknowledgment of the party, proof of his signature was necessary to its admission.

*Quære*, whether the admissions of one partner, made after the dissolution of the partnership, are admissible evidence against the firm?

APPEAL from the *Floyd* Circuit Court.

*Monday,
December* 11.

BLACKFORD, J.—*Tillay* and others, as partners, brought an action of assumpsit against *Doughton* on a promissory note. The defendant pleaded the general issue. The cause was submitted to the Court, and a judgment rendered for the plaintiffs.

After the plaintiffs had closed their testimony, the defendant read a bill of discovery which had been filed by him against the plaintiffs, and then offered to read as evidence a paper containing an admission that the note sued on was paid, and purporting to be the answer of *Tillay*, one of the plaintiffs, to the bill of discovery. The admission of this paper as evidence was objected to, and the objection sustained. The bill of discovery is not made a part of the record, but the paper purporting to be an answer to it is before us. This paper has the name of *Tillay* attached to it, and is certified by a person styling himself a justice of the peace in the state of *Kentucky*, as having been sworn to before him. The record shows that the admission contained in the paper offered in evidence, was made after the dissolution of the partnership of the plaintiffs.

There is but one error assigned; and that is, that the Court erred in not permitting the paper in question to be read as evidence.

It is said that the paper purported to be an answer to a bill of discovery, and that as such it was offered. It is not usual, in civil cases, to introduce the original answer. When an answer in chancery is proposed to be read as evidence in such case, the ordinary mode is to procure from the proper office examined copies of the bill and answer. Roscoe on Ev. 57. It is only in criminal cases, and cases partaking of that cha-

55

racter, that the original answer is required.   Lady *Dartmouth* v. *Roberts*, 16 East, 334.   And when the original is offered, the signature of the party to the answer, and of the proper officer to the attestation, must be proved.   *Rex* v. *Benson*, 2 Camp. 508.   There could be no objection, however, to the paper before us, merely because it was offered as the original answer instead of a copy.   But when it was offered as an original as this was, the defendant should have proved it to be entitled to the character he gave it.   There was not, however, in this case, any proof that the instrument had been filed in chancery, in the course of judicial proceedings, as an answer to a bill of discovery or to any other bill; nor, had there been such proof, was there any attempt to introduce the additional evidence which is necessary in such cases.

. It may be contended, that the instrument was at all events legal evidence, either as a voluntary affidavit, or at least as the written admission of the party who signed it.   To make it admissible as a voluntary affidavit, the signature to it of *Tillay* should have been proved, and there should have been proof, also, that it had been sworn to before the proper officer.   2 Bac. Abr. 623.   But there was no evidence offered as to either of those requisites.   The signature to the *jurat* was not proved; but if it had been, still the *jurat* would have been no evidence of *Tillay's* signature to the paper, or that the officer who signed the *jurat* in *Kentucky* was authorised to administer an oath.   To make the instrument evidence as a mere acknowledgment in writing, there should have been proof that *Tillay* had signed it; but there was no such evidence.

It is clear, therefore, that as there was no proof whatever of the paper proposed to be read, the Court did right in rejecting it.

There is another objection made to the admission of this evidence; which is, that the acknowledgment of payment contained in the paper, was not made until after the partnership of the plaintiffs was dissolved.   This objection is not without difficulty, and there are contradictory decisions respecting it.   It is believed to be settled in *England*, that the admissions of one of the partners made after the dissolution, as to transactions which occurred during the partnership, are admissible evidence against the other partner.   *Wood* v. *Braddick*, 1

Taunt. 104. Indeed, there is a late case which goes further, and decides that though the admission of one of the partners be not only made after the dissolution, but be of a payment which was made to him after the dissolution, the evidence may be received to bind the other partner. This is a decision in chancery made by Lord *Brougham*, with the concurrence of the Chief Justice of another Court. *Pritchard* v. *Draper*, 1 Russ. & Mylne, 191. In *Massachusetts*, the case above cited of *Wood* v. *Braddick* is decided to be the law. *Cady* v. *Shepherd*, 11 Pick. 400. But in *New-York*, the law is held to be otherwise. *Walden* v. *Sherburne*, 15 Johns. 409.—*Baker* v. *Stackpoole*, 9 Cowen, 420. And Judge *Story*, in delivering the opinion of the Supreme Court of the *United States* in *Bell* v. *Morrison*, 1 Peters, 373, takes occasion to say, that the doctrine on the subject in *New-York* is well founded. In the case before us, this question has been discussed by the counsel on both sides, but its determination is not now necessary, and we shall not therefore undertake to decide it.

DEWEY, J. having been concerned as counsel was absent.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs. To be certified, &c.

*S. C. Stevens*, for the appellant.

*R. Crawford*, for the appellees.