May Term,<br>1838.<br><hr>THE PRESI-<br>DENT AND DI-<br>RECTORS, &c.<br>v.<br>DUNN.

---

THE PRESIDENT AND DIRECTORS OF THE COMMONWEALTH'S
BANK OF KENTUCKY *v.* DUNN.

*Scire facias* to have execution on the transcript of a justice's judgment filed in the Circuit Court. *Held*, that error in the judgment was no defence. *Held*, also, that *oyer* of the transcript was not demandable.

APPEAL from the *Marion* Circuit Court.

*Friday,*<br>*June 1.*

SULLIVAN, J.—On the 17th of *September*, 1837, the plaintiffs obtained a judgment against the defendant before a justice of the peace, on which execution issued and was returned "no property found whereon to levy." A certified transcript of the judgment and proceedings was thereupon forwarded to the clerk of the Circuit Court, which was regularly entered on the docket and order-book of the Court, and a *scire facias* was issued thereon requiring the defendant to appear and show cause, why execution should not issue against his goods and chattels, lands and tenements.

The defendant appeared and craved *oyer* of the transcript on which the writ issued, which was refused by the Court. He then pleaded, 1st, *Nul tiel corporation;* 2dly, That the only cause of action filed with the justice who rendered the judgment on which execution is now sought, was a transcript from the records of the *Henry* Circuit Court in *Kentucky,* and

May Term,
1838.

THE PRESI-
DENT AND DI-
RECTORS, &c.
v.
DUNN.

that the justice proceeded against the defendant by *sci. fa.,* &c.; 3dly, *Nul tiel record.*

To the first and third pleas the plaintiffs replied, and demurred to the second. The Court overruled the demurrer and gave final judgment for the defendant, from which the plaintiffs have appealed to this Court. The main point for our consideration on this record is, whether the defence set up in the second plea is a bar to the present action. We think it is not, and that the demurrer to the plea ought to have been sustained. The ground assumed in that plea is, that the justice of the peace erred in proceeding by *scire facias* on a record from the state of *Kentucky.* This may have been irregular, but the defendant should have taken advantage of that error before the justice, or if there had been no appearance before him, on appeal to the Circuit Court. By not doing so, he acquiesced in the judgment, and until it is reversed or set aside, it is conclusive between the parties. The proceedings and judgment of the justice cannot be examined in this collateral way. He had jurisdiction of the person and subject-matter, and however erroneous his decision may have been, it must stand until reversed by due course of law. This principle is recognised by all the authorities.

The Court did right in refusing the application of the defendant for *oyer* of the transcript, upon the principle that *oyer* is not demandable of a record. 1 Chitt. Pl. 415.—*Cone* v. *Cotton,* 2 Blackf. 82 (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Fletcher* and *O. Butler,* for the appellants.
*H. Brown,* for the appellee.

(1) *Oyer* is usually granted of deeds, probates, letters of administration, &c.; but not of records, private statutes, recognisances, letters patent, &c. If a record, however, of the *same* Court be pleaded, the opposite party may demand a note of the term, number of the roll, &c. of the judgment. Stev. Pl. 69.—1 Chitt. Pl. 465. In case of private writings not under seal, an order for an inspection and a copy may be obtained. Ib. *Pumphrey* v. *Coleman,* Vol. 1, of these Rep. 199.