## F̲ELLOWS and Another *v.* MILLER and Others.

In foreign attachment under the act of 1838, the bond of the plaintiff, or of the creditor claiming under the attachment, is not objectionable because its penalty exceeds double the amount demanded. *Aliter*, if the penalty be less than double that amount.

For the purpose of procuring such attachment, or of filing a claim under it, in favour of a firm, the affidavit may be made by one of the members of the firm.

But if the affidavit purport to be sworn to before a justice of the peace in another state, there must be proof that the justice was authorized to administer the oath.

APPEAL from the *Fountain* Circuit Court.

DEWEY, J.—*Hood* and *Gray* sued out a writ of foreign attachment against *Miller*, and had several persons summoned as garnishees. *Fellows* and Co. filed, under the attachment, a claim against *Miller*, purporting to be supported by the affidavit of one of the firm, made before a justice of the peace in *Kentucky*. They also filed a bond, the penalty of which was more than twice the amount of their claim. *Hood* and *Gray* moved the Court to dismiss the claim of *Fellows* and Co., and the motion was granted, whereupon they dismissed the whole proceeding. *Fellows* and Co. excepted to the dismissal of their claim, and took an appeal to this Court. They

*Nov. Term,*
*1846.*

———

FELLOWS
*v.*
MILLER.

*Monday,*
*November* 30.

Nov. Term,
1846.

FELLOWS
v.
MILLER.

were the only creditors who made a claim under the attach-ment, except the attaching creditors.

The question is whether the claim of *Fellows* and Co. was correctly dismissed?

Two objections to the legality of their proceedings have been made, which cannot be sustained. One is, that the bond filed by them was not legal, because its penalty exceed-ed double the amount of their claim; and the other is, that the affidavit of their claim was made by one of themselves, and not by a disinterested witness. The statute of 1838, which governs this case, requires a bond from the attaching creditor, and any other creditor claiming under the attach-ment, "in double the sum demanded." R. S. 1838, pp. 72, 80, 81. This provision was made for the benefit of the debtor; and its object is attained by a bond the penalty of which is more than double the amount claimed; though were the penalty less than double the amount, the bond would be objectionable. As to the other objection, the second section of the statute provides that, before a writ of foreign attach-ment shall issue, "the nature of the debt or demand certain, and the sum claimed, shall be proved by oath or affirmation, to be justly due and owing," and the sixth section enacts that "creditors other than the plaintiff shall be permitted to file and prove their claims, by filing the affidavit and bond required in the second section." R. S. 1838, pp. 80, 81. We think that, for the purpose of issuing the writ, and filing a claim under it, the oath of the creditor himself is all that is contemplated by the statute; and that the paper filed by *Fellows* and Co. as an affidavit is not objectionable on account of its being sworn to by one of the firm.

There is, however, a defect in the proceedings by *Fellows* and Co. which justified the Court in dismissing their claim. The paper filed by them as an affidavit purported to be sworn to before a justice of the peace in *Kentucky*. There was no evidence that a justice of the peace of that state is authorized by law to administer an oath; and we can presume nothing as to his powers. See *Doughton* v. *Tillay*, 4 Blackf. 433. The record, therefore, does not show that *Fellows* and Co. really filed any affidavit at all. Their claim was correctly dismissed.

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Chandler*, for the appellants.

*R. C. Gregory* and *D. Brier*, for the appellees.