DRAGGOO *v.* GRAHAM.

DRAGGOO
v.
GRAHAM.

The complaint or declaration upon a transcript of a judgment of a justice of the peace of another state, not stating facts showing jurisdiction, was, perhaps, demurrable at common law, but by s. 83, 2 R. S. p. 45, it is not bad for that defect.

In this case, there was no certificate by the judge of any Court, attached to the transcript, in accordance with the act of Congress and our own statute. *Held*, that the omission is unimportant, 1st, because the transcript was not objected to on that ground; 2ndly, perhaps because it was not shown that a justice's Court is, in *Ohio*, a Court of record.

And though the provision of the *U. S.* constitution requiring full faith to be given to judgments, &c., of other states, applies to Courts not of record, the act of Congress as to the authentication of transcripts of them does not; and transcripts not within the statute, are admitted on general principles of evidence, without the certificate of a judge.

But perhaps this Court should not presume that the Court of a justice is a Court of record in *Ohio*, where a transcript of such Court is not certified as required in case of a Court of record.

If a party objects, in such case, to the transcript going in evidence, *semble*, that he should support his objection by proof that the Court was one of record.

*Semble*, that the certificate of the justice to the transcript, and the certificate of the clerk of the Court of Common Pleas to the official character of the justice, would, in the absence of statutory requirement, be sufficient to authenticate the judgment.

And in the absence of proof of the law of *Ohio* at the date of the judgment, *semble*, that this Court will presume it to be the same as our own.

Yet, *quære*, whether, in such cases, the Court might not take notice of the laws of another state, under the requirement of the *U. S.* constitution.

But by our statute, (s. 83, *supra*), where the existence of a judgment of a Court of special jurisdiction sued on or pleaded is denied, the facts conferring jurisdiction must be proved; and this statute applies to justices' Courts.

APPEAL from the *La Grange* Court of Common Pleas.

PERKINS, J.—Suit upon the transcript of a judgment of a justice of the peace of *Ohio*.

The complaint reads thus:

"*Francis Graham* complains of *Frederick Draggoo*, and says that on the 10th day of *April*, 1840, before *William Denin*, a justice of the peace duly commissioned and qualified, of the township of *Montgomery*, then in the county of *Richland*, now *Ashland*, and state of *Ohio*, he recovered judgment against the said *Frederick Draggoo* for the sum of 33 dollars and 65 cents, besides costs of suit taxed at 22 cents, a copy of which said judgment and proceedings,

duly certified, is filed herewith; which said judgment still remains in full force and unsatisfied. The plaintiff, therefore, demands judgment for the sum of 80 dollars."

This complaint was, perhaps, subject to demurrer at common law, for not stating facts showing the jurisdiction of the justice. Note to *Cone* v. *Cotton*, 2 Blackf. 85. See, also, *Martin* v. *Kennard*, 3 *id.* 430; *Parker* v. *Henderson*, 1 Ind. R. 62, on p. 64. But no demurrer was filed, and had there been, it would have been unavailing, as by statute the complaint was sufficient. 2 R. S. p. 45, s. 83.

There was an answer, consisting of several paragraphs, but none of them denied that the township of *Montgomery* had been changed from *Richland* to *Ashland* county, and that fact was, hence, admitted. One of the paragraphs denied the existence of the judgment.

Replications were filed, taking issue upon the paragraphs, severally, of the answer. Jury trial, and judgment for the plaintiff. New trial denied.

The transcript upon which the suit was brought, and which constituted all the evidence in the cause, was as follows:

"*Francis Graham* v. *Frederick Draggoo*. Action of debt by *S. Robbins*. Cognovit, dated *December* 17, 1839, given for 33 dollars and 5 cents. Interest, 60 cents. Demand, 33 dollars and 65 cents.

"*April* 10, 1840. Came *S. Robbins*, with a power of attorney to confess judgment. Whereupon the said defendant, by his attorney aforesaid, waived the issuing and service of process, and confessed judgment for the above demand; and it is therefore considered that the plaintiff recover of the defendant the sum of 33 dollars and 65 cents, debt, and costs of suit taxed at 22 and one-half cents.

"*December* 30, 1840, execution issued to *W. Drum*, constable. Debt 33 dollars and 65 cents. Judgment 12½. C. D. 10. Ex. 25.

"State of *Ohio*, *Ashland* county, formerly *Richland* county, ss. I, *William Millington*, a justice of the peace within and for the township of *Montgomery*, in said *Ashland*

county, formerly *Richland* county, *Ohio*, do hereby certify that the foregoing is a full and true copy in the above entitled cause from the docket of *William Denin*, late justice of the peace within and for said township, and county aforesaid, of which said docket I have the legal custody.

" Witness my hand and seal this 14th day of *November*, 1853. (Signed,) *William Millington*, [SEAL], a justice of the peace."

Then follows the certificate of the clerk of the Common Pleas Court of *Ashland* county, to the official character, &c., of justice *Millington;* and succeeding that is a like certificate of the clerk of the Court of Common Pleas of *Richland* county, to the official character of *Denin*, at the time of the rendition of the judgment, &c., reciting the transfer of *Montgomery* township, &c.   There is no certificate of any judge of any Court, attached to the transcript, in accordance with the provision of the act of Congress touching the authentication of judgments of Courts of record of the different states, when used as evidence out of that in which they were rendered; and which provision has been substantially incorporated into our code.   2 R. S. p. 93, s. 286.   But the fact is unimportant—

1. Because the transcript was not objected to on that ground.

2. Perhaps, for the reason that it was not shown that the Court of a justice of the peace is, in *Ohio*, a Court of record.   Such Court is a Court of record in this state. *Hooker et al.* v. *The State*, 7 Blackf. 272.—2 R. S. p. 453, s. 18.   And though the provision of the *United States* constitution, requiring full faith to be given to judgments, &c., of other states, applies to Courts not of record, the act of Congress as to the authentication of transcripts of them does not (2 Blackf. 109); and transcripts not within the statute are admitted on general principles of evidence, without the certificate of a judge.   *Pelton* v. *Platner*, 13 Ohio R. 209.   Perhaps we should not presume that the Court of a justice is a Court of record in *Ohio*, where a transcript of such Court comes from that state not certified as required in case of a Court of record.   If a party ob-

May Term,
1857.

DRAGGOO
v.
GRAHAM.

jects in such case to the transcript going in evidence, it may be that he should support his objection by proof that the Court was one of record. See *Pelton* v. *Platner*, *supra*, and 5 Ohio R. 545.

The objections made in this case were, that the name of justice *Denin* did not appear with the judgment, and that it did not appear that the defendant had notice of the suit. The judgment was not drawn up with that fullness and precision which might have characterized it; but we do not think it void. At present, the statute of this state requires the justice to sign his judgments (2 R. S. *supra*); but it did not, at the date of the judgment in question. The judgment of a *Michigan* justice, involved in the case in 13 Ohio, *supra*, was not signed; and, though the case was warmly contested, no objection was made on that ground. The certificate of the justice to the transcript, and of the clerk to the official character of such justice, may, perhaps, in the absence of a statutory requirement, be sufficient to authenticate the judgment. And in the absence of proof of the law of *Ohio*, at the date of the judgment, we might have to presume it to be the same as our own. 13 Ohio, *supra*, and *Shaw et al.* v. *Wood et al.*, 8 Ind. R. 518. Though it has been recently decided by the Supreme Court of *Pennsylvania*, in *The State* v. *Hinchman*, 5 Am. Law Reg. 424, that in suits upon judgment records of other states than that in which the suit is brought, the Court should take notice of the laws of the state in which the judgment was rendered—this being necessary under the constitutional requirement, to give full faith, &c., to judgments of the several states.

But this point is not material to the decision of the present case. By section 83 of the statute above cited, it is enacted that where the existence of a judgment of a Court of special jurisdiction, sued on or pleaded, is denied, the facts conferring jurisdiction upon the tribunal must be proved. This statute was held in *Willey* v. *Strickland*, 8 Ind. R. 453, to apply to Courts of justices of the peace. So applied, the statute seems unreasonable; but it must,

nevertheless, be executed, for, as at present advised, we do not hold it invalid.

Such proof was not made in this case. No law of *Ohio*, showing the jurisdiction of justices, was given in evidence.

The motion for a new trial should have been sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. Ellison*, for the appellant.

*J. B. Howe*, for the appellee.