CRAKE *v.* CRAKE.

In an action on a transcript of a judgment of a justice of the peace of another State, the averment, "that the judgment or decision was duly given or made," as the case may be, as prescribed by the code, is construed to be equivalent to an averment that the justice had jurisdiction of the subject-matter, and of the person.

A complaint, therefore, on such a transcript, must either aver facts, showing jurisdiction as aforesaid, or, in the words of the code, aver "that the judgment was duly given."

A judgment will not be reversed in this Court for error in overruling a demurrer, if it appear from the whole record that the merits of the cause have been fairly determined.

In determining the validity of a judgment of a justice of the peace of *Ohio*, this Court will presume, unless the law of that State on the subject is pleaded and proved, that the common law still prevails there.

Where a contract, made in another State, payable there, or generally, is sought to be enforced in this State, and the contract embraces terms upon a subject not settled by the common law, and no statute of such other State is pleaded and proved, the Court of this State will presume such contract valid.

Where a right is sought to be enforced in one State, in relation to a subject-matter existing in a foreign State, and no foreign law is proved, and no common law rule ever was prescribed, and no contract exists, in such case the Court will apply the law of the State in which it is sitting.

If the statute book of a foreign State, containing a law offered in evidence, purport on its title-page to be printed "by authority," and by the "State Printer," that is sufficient to admit it in evidence as, *prima facie*, the law of that State.

APPEAL from the *Madison* Common Pleas.

PERKINS, J.—Suit upon the transcript of a judgment of a justice of the peace of the State of *Ohio*. Demurrer to the complaint overruled, and exception taken. The demurrer

Crake *v.* Crake.

should have been sustained. The complaint did not state facts sufficient to constitute a cause of action.

Courts of justices of the peace are of special and limited jurisdiction. *Turner* v. *Robey*, 3 Com. (N. Y.) 193; *Draggoo* v. *Graham*, 9 Ind. 212. It is a rule of pleading at common law, that, in suing upon the judgment of such a Court, the complaint must show that the justice had jurisdiction of the subject-matter, and of the person of the defendant. The exception to this rule is where the suit is upon a judgment against the plaintiff for costs, as he is liable for those, even though the Court had not jurisdiction. *Turner* v. *Robey*, *supra.*

The code has provided a substitute for the common law averments touching jurisdiction. The substitute is the averment, "that the judgment or decision was duly given or made," as the case may be. *Willey* v. *Strickland*, 8 Ind. 453. This averment is equivalent, and amounts to an averment, showing that the justice had jurisdiction of the subject-matter and person. It is doubted in other States where code-pleading is adopted, whether the substitute for the common law averments can be used in a suit upon the transcript of a judgment from another State. Abb. Pl. (N. Y.) p. 231, note *w;* Swann's Pl. and Prac. (1861) p. 211. But it has been allowed to be so used in this State, and we are not disposed to depart from the practice we have adopted on this point.

In suing, then, in this State, upon a judgment of a justice of the peace, the complaint must either aver the facts showing jurisdiction, or allege, as a substitute, "that the judgment was duly given." Swann, *supra.* The form copied in *Draggoo* v. *Graham*, 9 Ind. 212, is defective in this particular. In stating that the plaintiff "recovered judgment," the pleader should have added, "which was duly given," against, &c.

But can the judgment be reversed for the error mentioned? It is enacted by the code, that "no objection taken by de-

murrer and overruled, shall be sufficient to reverse the judgment, if it appear from the whole record, that the merits of the cause have been fairly determined." Sec.·382.

This section is, perhaps, something more than the statute of jeofails, which is re-enacted in our code. 2 R. S. p. 163, sec. 580. Under this latter section, it has always been held, as the general rule, that defects rendering a pleading bad on general demurrer, were also fatal on motion in arrest, and upon appeal or writ of error. But section 382 takes defects which might be corrected by demurrer out of this rule where the Court is satisfied the merits have been fairly tried. Does it appear that they were so tried in this case?

The suit, as we have seen, was upon a transcript of a judgment in a civil case, of a justice of the peace of *Ohio*, a foreign State, upon whose laws the validity of that judgment, as a cause of action, depended. How shall we obtain a knowledge of those laws?

1. We know judicially that the common law was brought from *England* to this country by our ancestors, and was declared, by the ordinance for the government of the Territory of the Northwest, of which *Ohio* formed a part, to be a part of the fundamental law of that territory; and, in the absence of proof to the contrary, we presume that law still in force in *Ohio*. Such has been the ruling in this State since the case of *Stout* v. *Ward*, 1 Blackf. 70; *Johnson* v. *Chambers*, 12 Ind. 102. This latter case is precisely in accordance with those of *Starr* v. *Peck*, 1 Hill (N. Y.) 270, and *Abel* v. *Douglass*, 4 Denio. 305. See, also, *Titus* v. *Scantling*, 4 Blackf. 89.

2. Statutes of other States, to be taken notice of by the Courts of this State, must be pleaded and proved. *Ibid.*

In the case at bar, then, to entitle the plaintiff to recover, it was incumbent on him to show a judgment in a case where the Court had jurisdiction, which, as we have seen, is twofold, viz: of the person and the subject-matter. A justice of the

Crake v. Crake.

peace was not, at common law, a Court of civil jurisdiction. *Fellows* v. *Miller*, 8 Blackf. 231. And we will not presume, because our statute has made him such, that that of *Ohio* has done the same. *Ibid.* Hence it was necessary for the plaintiff to show, by a statute of *Ohio*, that a justice of the peace of that State, was a Court of civil jurisdiction, and the extent of that jurisdiction as to subject-matter. This having been done, the Court in *Indiana* could apply the common law as to the mode of obtaining jurisdiction over the person by a Court. *Cone* v. *Cotter*, 2 Blackf. 82.

We may further observe here, that where a contract, made in another State, and payable there, or generally, is sought to be enforced in this State, and the contract embraces terms upon a subject not settled by the common law, and no statute of such other State is pleaded and proved, the Courts of this State will presume such contract to be valid. Hence, where a note was executed in *Ohio*, bearing a rate of interest different from that fixed by our law, and no statute of *Ohio* was pleaded, the note was held valid; *Engler* v. *Ellis*, 16 Ind. 475; *Cutler Wright*, 22 (N. Y.) 472; because there was no fixed rate of interest at common law. 4 Black.'s Comm. 156.

Again, where a right is sought to be enforced in one State in relation to a subject-matter existing in a foreign State, and no foreign law is proved, and no common law rule ever prescribed, and no contract exists, in such case the Court will apply the law of the State in which it is sitting. *Monroe* v. *Douglass*, 1 Seld. 447.

We proceed now to inquire what was the evidence in the case at bar? A transcript of the judgment, as was necessary, was filed with the complaint upon it. That transcript showed jurisdiction of the Court over the person of the defendant. He was personally served with process by a constable. It also showed the amount due the plaintiff.

A statute of *Ohio*, according to purport, conferring upon

Crake *v.* Crake.

the Court jurisdiction of the subject-matter, was offered in evidence; but it was objected to because it did not sufficiently appear that it was the law of *Ohio*, and for no other reason The statute was admitted. There was, then, before the Court, all the evidence that was necessary to justify a judgment for the plaintiff, and the merits, therefore, may be said to have been fairly tried, if the statute was rightly admitted in evidence. The objection made to its admission was not well taken. The statute was contained in a volume purporting to be the laws in force, at a given date, in *Ohio*, printed "by authority," and by the "State Printer." This was sufficient to admit it in evidence as, *prima facie*, the law of that State. In *Cutler* v. *Wright*, 22 N. Y. Rep. p. 472, it was decided to be sufficient that the volume of laws purported on the title-page, to be printed "by authority." Such is the ruling in this State. *Vaughn* v. *Griffith*, 16 Ind. p. 355. See, also, *Line* v. *Mack*, 14 Ind. 330; *Hall* v. *Harris*, 16 *id.* 180. But the statute was inadmissible because not pertinent to the issue being tried.

There was no averment in the complaint, as appears from what has been said above, that the justice had jurisdiction. Without such averment, the complaint set forth no cause of action; and the merits would not be fairly tried on such a complaint. There were none, indeed, to try. See, as to the decision in *Pennsylvania*, that the Courts of the several States of the Union will judicially notice the laws of other States, in suits upon judgments, so far as they relate to the judgments, where such judgments are entitled, by the Federal Constitution, to full faith, &c., *The State* v. *Hinchman*, 5 Am. L. Reg. 424; S. C. 27 Penn. St. Rep. 479; noticed, also, in *Draggoo* v. *Graham*, 9 Ind. 212.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*R. N. Williams* and *W. R. Pierse*, for appellant.

—— *Davis*, for appellee.