*J. McCabe,* for appellee.

———————◆———————

## AULT *v.* ZEHERING.

JUDGMENT.—*Authentication of.*—Section 286 of the code, 2 G. & H. 185, did not repeal, by implication, section 279. The latter section relates to the authentication of judgments of justices of the peace, the former to judgments of a court of record.

SAME.—*Transcript of Summons.*—*Return.*—The summons and return in a proceeding before a justice of the peace in another state need not be made a part of a transcript of such proceeding, to sustain an action on the judgment obtained therein.

SAME.—*Merger of Cause of Action.*—*Set-off.*—A cause of action is merged in a judgment therefor, and the right of set-off is thereby extinguished, and the judgment defendant cannot set off against the judgment debt due the plaintiff a debt of record against the plaintiff's assignor of the original debt.

APPEAL from the Miami Common Pleas.

BUSKIRK, J.—This was an action by the appellee against the appellant upon a judgment rendered in favor of the appellee and against the appellant by a justice of the peace of Montgomery county, in the State of Ohio, on the 8th day of April, 1869, for the sum of one hundred and ninety-nine dollars and the costs of the suit. A certified copy of the judgment was filed with, and made a part of, the complaint.

The court overruled a demurrer to the complaint, to which ruling the appellant took an exception. The appellant filed the following answer:

"Comes now the defendant in the above entitled cause, and for answer to the plaintiff's complaint herein, says that at and before the rendition of said judgment, which is sued upon in this action, the said defendant had and held a valid

and subsisting set-off against the promissory note upon which said judgment was rendered, which said set-off consisted of a judgment against the said William Ault, the assignor of said note to plaintiff, which said judgment was duly rendered in favor of this defendant, and against the said assignor, Ault, by the court of common pleas within and for the county of Darke, and State of Ohio, upon the 6th day of April, 1865, for the sum of nine hundred and eight dollars and forty-eight cents ; a copy of said judgment, duly authenticated, being filed herewith and made a part of this answer, and for greater certainty marked exhibit 'A' ; and there is still due and unpaid of said judgment, in favor of this defendant, the sum of five hundred and forty-one dollars, with the interest thereon from the 21st day of August, 1865, which has been so due and owing to this defendant from said assignor, Ault, since said 21st day of August, 1865; that said William Ault is and has been notoriously insolvent ever since the rendition of said judgment, so that this defendant has no possible way of realizing anything from said judgment, unless the same is allowed as a set-off in this action; that said defendant had and held said set-off before the assignment of said note to said plaintiff in this action, and before this defendant had notice of said assignment by said William Ault to this plaintiff. Therefore, this defendant asks that so much of his said judgment as may be necessary therefor be allowed as a set-off to any amount which may be found due the plaintiff in this action, or which may be found due from the defendant upon said judgment sued upon in this ·action, if any, and for other and proper relief."

A demurrer was sustained to the answer, to which ruling the appellant excepted. The appellant then filed a general denial of the allegations of the complaint. By the agreement of the parties, the cause was submitted to the court for trial, and resulted in a finding for the plaintiff. A motion for a new trial, for the reasons that the finding was not sustained by sufficient evidence, and that the court erred in admit-

ting, over the objection and exception of the defendant, the transcript of the judgment upon which the action was brought, was made, overruled, and exception taken.

The appellant has assigned for errors, first, that the court erred in overruling demurrer to the complaint; second, that the court erred in sustaining the demurrer to the answer; third, that the court erred in admitting transcript of judgment in evidence; fourth, that the court erred in finding for the plaintiff upon the evidence; fifth, that the court erred in overruling the motion for new trial.

The third and fourth assignments of error are embraced in the fifth. They were proper reasons for a new trial, but without having been assigned as causes for a new trial, they could not be assigned for error in any form. The assignment for error, that the court erred in overruling the motion for a new trial, presents for review in this court every reason properly assigned for a new trial.

Did the court err in overruling the demurrer to the complaint? Two objections are urged to the sufficiency of the complaint; first, that the transcript was not properly authenticated, because there was no certificate of a judge; second, that the transcript did not contain the summons and the return thereon, which was issued by the justice of the peace in the State of Ohio.

The transcript was certified by the justice of the peace under his seal, and by the clerk of the court of common pleas of Montgomery county, in the State of Ohio, who certified, under his hand and official seal, that the justice of the peace who certified said proceedings was, at the date of the rendition of the judgment, the making of said certificate, and now is, an acting justice of the peace of said county, duly commissioned and qualified; that full faith and credit was to be given to all his official acts as such; and that his signature thereunto attached was genuine.

We think there is nothing in the first objection. The transcript is certified in strict conformity to section 279 of the code, 2 G. & H. 181. The precise point involved and

now under consideration was decided by this court in *Drag-goo* v. *Graham*, 9 Ind. 212. It is conceded by the counsel of appellant that the transcript was properly certified, if section 279 is still in force; but it is maintained that section 286 of the code, 2 G. & H. 185, repealed, by implication, section 279. We are of a different opinion. Section 279 relates to the authentication of judgments of justices of the peace, while section 286 refers to the judgments of courts of record. It was decided by this court, in *Draggoo* v. *Graham*, *supra*, that the provision of the constitution of the United States, requiring full faith to be given to judgments, etc., of other states, applies to courts not of record, but that the act of Congress, as to the authentication of transcripts of them, does not; and transcripts not within the statute are admitted on general principles of evidence without the certificate of the judge. The two sections are not repugnant, but they can both stand and be construed together.

We. are next to inquire and determine whether the fact that the summons and the return thereon are not made a part of the transcript will vitiate it. The following entries are made on the record of the justice:

"APRIL 2d, 1869.

"Issued summons of that date, returnable April 8th, 1869, at 9 o'clock A. M., and delivered to Isaac Fox, constable."

"APRIL 8th, 1869.

"Summons returned, indorsed, served April 2d, 1869, by delivering to the defendant a certified copy of the writ and indorsement thereon. Fees, service 25, copy 25, mileage 20.

"ISAAC FOX, Constable."

On the day set for trial, the defendant was called and defaulted, and judgment was rendered.

We are of the opinion that the second objection is untenable. It was decided by this court, in *Holt* v. *Alloway*, 2 Blackf. 108, that where an action was brought upon a judgment of another state, and the transcript did not show that the defendant had been served, or that he did not appear to the action, the judgment was not conclusive for the want

of notice or personal appearance, nor as absolutely void, as the defendant must be presumed to have been a resident of the State of Kentucky when the suit was commenced, and amenable to its laws; but it must be considered as a foreign judgment, and *prima facie* evidence of the debt; that it was, *per se*, a cause of action, and may be declared on, as in the present case, without setting forth the original demand; that its justice may be impeached, and it may be shown to have been unduly or irregularly obtained. It was further held, that the judgment could only be impeached by a plea showing that it was rendered without any personal notice of the suit.

Suits upon judgments are now regulated by the code. It is provided by section 83, 2 G. & H. 107, that "in pleading a judgment or decision of a court or officer of special jurisdiction, it shall be sufficient to allege, generally, that the judgment or decision was duly given or made. If the allegation be denied, the facts conferring jurisdiction must be proved on the trial."

The above section was held by this court, in *Draggoo* v. *Graham, supra,* to apply to an action brought upon a judgment rendered by a justice of the peace in the State of Ohio.

We are of the opinion that the complaint was good, and that the court committed no error in overruling the demurrer thereto.

We are next to inquire whether the judgment referred to and made a part of the answer constituted a valid and legal set-off to the action.

The appellant executed his note to William Ault, who assigned it to John R. Ault, the plaintiff. The plaintiff, as assignee, commenced an action on such note against the appellant, at which time the appellant had a judgment against William Ault, the payee and assignor of the note. There is no doubt that the appellant could have pleaded his judgment as a set-off to the action on the note. The note

and all the equities existing between the parties were merged in the judgment.   When the judgment was rendered on the note in favor of the assignee against the maker, he is estopped from alleging, in an action on the judgment, that a valid defence existed to the cause of action embraced in the original suit.

The counsel for appellant insists that the cause of action was not merged in the judgment rendered by the justice of the peace in the State of Ohio.   The law is well settled, that the cause of action is merged in a judgment.   *Cissna* v. *Haines,* 18 Ind. 496; *Rawley* v. *Hooker,* 21 Ind. 144; *Taylor* v. *Bryden,* 8 Johns. 173; *Andrews* v. *Montgomery,* 19 Johns. 162; *Boston India Rubber Factory* v. *Hoit,* 14 Vt. 92; *Napier* v. *Gidiere,* Speers Eq. 215; *Colt's Estate,* 4 Watts & Serg. 314; Waterman Set-Off, 75.

In *Clark* v. *Rowling,* 3 Comst. 216, the doctrine of merger was fully recognized; but the court held, that in cases of insolvency and bankruptcy it was proper to look behind the judgment, and inquire into the time and circumstances of the contract upon which the first judgment was founded, with the view of protecting the defendants in an equity connected with the original indebtedness.   But it was expressly held by the court, that even in cases of insolvency and bankruptcy, the cause of action was so completely merged in the judgment that no action could be maintained thereon.

So, it was held by this court, in *Rawley* v. *Hooker, supra,* that, although the cause of action was merged in the judgment, this did not prevent the court from looking behind the judgment and examining into the cause of action, for the purpose of determining whether the judgment was collectible with or without relief from the appraisement laws.

The only point decided by this court, in *Henry* v. *Henry,* 11 Ind. 236, was, that a judgment was a contract of record, and a demand within the meaning of the receipt embracing " all demands " of one party against another, and has no application to the case under consideration.

It was held in *Lyman* v. *Brown,* 2 Curt. C. C. 559, that the

doctrine of merger did not apply to foreign judgments; but it was further held, that a judgment in a state of the Union merges the original cause of action, and that, consequently, an action would not lie on the original cause of action; and that this doctrine rests exclusively on the effect of the constitution and laws of the United States, which provide, that "full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state."

We think it is quite clear that the cause of action upon which the judgment was founded was merged in the judgment, and that the right of set-off was extinguished. The judgment is now a debt of record in favor of the plaintiff and against the defendant, and consequently the defendant cannot set off against the debt due the plaintiff a debt of record against a third party, for the assignor became such upon the merger of the note in the judgment. The court committed no error in sustaining the demurrer to the answer.

It remains to determine whether the court erred in overruling the motion for a new trial. The only error complained of was the improper admission of the transcript of the judgment in Ohio in evidence. We have already decided that the transcript was properly authenticated, and, consequently, was admissible in evidence. The court committed no error.

The judgment is affirmed, with costs.

*C. N. Pollard,* for appellant.

*N. O. Ross* and *R. P. Effinger,* for appellee.