RICHARD HART *et al. vs.* THE SUPERIOR COURT.

MARCH 12, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Forcible Entry and Detainer. Verdicts.*

Pub. Laws cap. 1533, passed April 21, 1908, "Of forcible entry and detainer," provides that the jury shall sign and return to the court their verdict; and the form of the writ of restitution provides that the jurors "did return their verdict in writing signed by each of them":—

*Held,* that a verdict signed by the foreman alone was irregular, and the proceedings would be quashed.

(2) *Same. Authority to Institute Proceedings.*

Where in an action for forcible entry and detainer, brought by a corporation, it does not appear that the corporation ever authorized the complaint to be made, or that the persons who signed the complaint had any authority to institute the action, the proceedings will be quashed for irregularity.

CERTIORARI. Heard on petition for writ, and proceedings quashed for irregularities.

PER CURIAM. This is a petition for a writ of *certiorari,* under the provisions of Pub. Laws cap. 1533, entitled "An act concerning forcible entry and detainer," passed April 21, 1908, section 9, which reads as follows:

"Sec. 9. Such proceeding may be removed by certiorari into the supreme court, and be there quashed for irregularity, if any such there be."

Upon inspection of such proceedings so removed it appears that the verdict was signed by the foreman of the jury impanelled and sworn therein, and by none of the other jurymen.

Portions of sections 5 and 6 of said act, material to this inquiry, read as follows:

"Sec. 5. If, upon a full hearing of the cause, the jury shall find the complaint laid before them supported by the evidence, they shall sign and return to the court their verdict" . . .

"Sec. 6. Upon the return of verdict for the complainant as aforesaid, the court shall enter up judgment that the complainant have restitution of the premises, with all costs, to be taxed by the court, and shall award a writ of restitution and for costs against the party complained of" . . .

The form of the writ of restitution prescribed by the statute provides that "the jurors impanelled and sworn by our said justice did return their verdict in writing, signed by each of them" . . .

This interpretation of the words "they shall sign and return . . . their verdict," used in said section 5, seems to us conclusive. The verdict so signed by the foreman alone is clearly irregular. See *Cone* v. *Cotton,* 2 Blackf. 82; *Ward* v. *Crane,* 3 Id. 393.

Furthermore, it nowhere appears that the Olney Street Baptist Church, the corporation which appears to make the complaint in the original proceeding, ever authorized the complaint to be made, and the persons who did sign the complaint are not shown to have had any authority to institute that proceeding.

The proceedings are, therefore, quashed for such irregularities.

*William A. Heathman,* for complainant.
*Julius L. Mitchell,* for defendant.