May Term, 1846.

STEWART v. VERMILYEA.

---

## STEWART *v.* VERMILYEA.

The sale of real estate by virtue of an execution upon a judgment on contract, must be governed by the law in force when the contract was made.

*Thursday, May 28.*

APPEAL from the *Allen* Circuit Court.

BLACKFORD, J.—This was a motion made by *Vermilyea* in the Circuit Court to set aside a sheriff's sale of real estate. The facts, as agreed upon by the parties, are as follows:

At the *April* term, 1841, a judgment was rendered in the *Allen* Circuit Court in favour of *Stewart* against *Vermilyea* for 558 dollars and 35 cents, on a note of hand given by *Vermilyea* on the 6th of *January*, 1840, at *Fort-Wayne* in this state. On the 10th of *June*, 1842, an execution issued on said judgment, and was delivered to the sheriff, which, on the 25th of *July* following, was levied on certain real estate. This execution was returned by the sheriff, with an indorsement that the land had been offered for sale on the 22d of *August*, 1842, but was not sold for want of bidders. On the 27th of *March*, 1843, a *venditioni exponas* was issued and delivered to the sheriff, commanding him to sell said land. The land was regularly advertised by the sheriff to be sold on the 10th of *June*, 1843, and the same was then sold by him, at the request of *Stewart*, to one *M'Taggert*, without regard to the appraisement-law, for one dollar and seventy-five cents an acre, at public outcry, he being the highest bidder for the land. Previously to the sale, the sheriff had caused the land to be appraised under the law then in force; and the land was sold for less than two-thirds of its appraised value.

The Circuit Court, upon these facts, set aside the sale.

The only objection made to the sale is, that it was made for less than two-thirds of the appraised value of the land. This judgment must be reversed. When the note was given, on which the judgment against *Vermilyea* was obtained, there was no law prohibiting the sale of real estate on execution for less than two-thirds of its appraised value; and it is decided that the sale must be governed by the law in force when the contract was made. *M'Cracken* v. *Hayward*, 2 Howard, 608. The consequence is, that the objection to the sale in the case before us cannot be sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. Brackenridge*, for the appellant.

*S. Judah* and *W. H. Coombs*, for the appellee.