Lane and Another *v.* Fox.

It is too late after an appearance to a motion to object that the notice of the motion is defective.

The sale of real and personal property upon execution on a judgment on contract, must be governed by the law in force when the contract was made.

*Thursday,*
*May 28.*

APPEAL from the *Dearborn* Circuit Court.

Blackford, J.—*Fox* made a motion in the Circuit Court, at the *April* term, 1844, as follows:

*Charles Fox* v. *James H. Lane* and *George P. Buell.* Judgment rendered at the *April* term, 1842. The plaintiff moves the Court for leave to issue an execution on the above judgment, and that the sheriff to whom the same is directed, be ordered to execute it by levy and sale of the goods and chattels, lands and tenements of the defendants, according to the law subjecting property to execution, in force on the 12th day of *July*, 1841.

The defendants, by their attorney, appeared to this motion; and the Court rendered judgment on it as follows: The Court sustain the motion, and order that the clerk shall, when required by the plaintiff, issue an execution on said judgment, and also order the sheriff to execute the same by levy and sale of the goods and chattels, lands and tenements of the defendants, in accordance with the law of this state, subjecting real and personal property to execution, at the time the contract was executed on which said judgment was rendered, which was on the 12th day of *July*, 1841, which appears by due proof in Court adduced.

The defendants excepted to the judgment of the Court, and filed a bill of exceptions. The bill of exceptions shows, that the defendants introduced in evidence the record of the above-named judgment in favour of *Fox* against *Lane* and *Buell*, and also the covenant upon which that judgment was rendered. The said covenant is as follows: "*Charles Fox* v. *Arthur St. Clair.* Judgment at the *April* term, 1840, of the *Dearborn* Circuit Court, for $632 80. In consideration that said *Charles Fox* will forbear to issue execution on said judgment for fifteen days from this date, we hereby guaranty and become security for said *St. Clair* for the payment of

said judgment as follows, to wit, on the 25th inst. 300 dollars, and the residue of the judgment by the 10th of *October* next. *July* 12, 1841. Witness our hands and seals.—*J. H. Lane,* [SEAL.] *Geo. P. Buell,* [SEAL.]" The defendants also gave in evidence the record of the said judgment against *St. Clair.* There is also an agreement filed by the parties, stating that the judgment against *St. Clair* was founded on a note or contract dated *Cincinnati, Ohio,* 12th *September,* 1833.

The defendants contend that the notice to them of the motion is defective. That objection comes too late, as. the defendants appeared to the motion.

They contend also, that if the law at the date of the contract must govern the sheriff, the law of 1833, when the note was given on which the judgment against *St. Clair* was rendered, should be the rule. This is a mistake. The only contract of the defendants was their guaranty of *July* the 12th, 1841.

They contend further, that as the execution-law in force when the guarantee was executed had been subsequently changed, that law should not govern the sheriff. But we have decided at the present term, in *Stewart* v. *Vermilyea,* that the law in force when the contract was made must govern the case.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Lane,* for the appellants.

*J. Ryman* and *P. L. Spooner,* for the appellee.