RAWLEY v. HOOKER.

CONTRACT—SHERIFFS' SALES—APPRAISEMENT—MERGER.—Promissory note executed in 1840, prior to the existence of any law on the subject of appraisement in *Indiana*. Judgment was recovered thereon in 1845, after the taking effect of such a law, but the judgment was silent as to the mode of its collection, and it was not required, by any law then in force, to specify the manner of its collection. Real estate was afterwards sold on execution, without appraisement, to satisfy the judgment, notwithstanding the law, in force at the date of the judgment and sale, required appraisement.

*Held*, 1. That, as the law in force at the date of the contract did not require any appraisement, the plaintiff in the judgment had the constitutional right to have it collected on execution, without appraisement.

2. That the act of *February* 11, 1843, so far as it attempts, in this respect, to control the enforcement of contracts, executed before its passage, is unconstitutional and void.

3. That the sale without appraisement was valid, and that it was not necessary, for direction so to sell, to be contained in the judgment.

4. That the sheriff, in order to determine the proper mode of sale, may examine the record of the judgment to ascertain the date of the contract, or may ascertain the same from evidence *de hors* the record, and the same evidence will be competent to sustain the validity of the sale in any action concerning the title so acquired.

5. That it is not the imperative duty of the sheriff to look beyond the judgment to ascertain his duty in this respect, and he will incur no liability by neglecting to do so.

6. That the contract was not merged in the judgment in such sense as to prevent a reference to it to determine the rights of the parties growing out of the contract.

APPEAL from the *Clay* Circuit Court.

WORDEN, J.—Action by *Rawley* against *Hooker* to recover possession of certain real estate. Judgment for the defendant.

The facts are, that the land belonged originally to the

Rawley v. Hooker.

plaintiff; but in *April*, 1845, the defendant, *Hooker*, recovered a judgment, in the *Clay* Circuit Court, against the plaintiff herein; and an execution being issued upon the judgment, the land in controversy was levied upon, and sold by virtue thereof, the defendant becoming the purchaser, and receiving the sheriff's deed therefor. The land was sold without appraisement. The judgment itself gave no directions as to the manner of collection in reference to the appraisement laws. The validity of the sale—it having been made without appraisement—is the only question involved in the case. The record of the action in which the judgment was recovered, was offered and given in evidence by the defendant, the plaintiff excepting, from which it appeared that the judgment was rendered upon two promissory notes, executed by said *Rawley*, and bearing date the 11th of *December*, 1840.

As no appraisement laws existed at the date of the notes, it is clear that the sale was properly made without appraisement, unless the judgment, being rendered in the ordinary form, and not directing collection without appraisement, precluded the defendant from going behind it, and showing, by the record, that the case was such an one as authorized a sale without appraisement.

It is insisted, by the appellant, that, inasmuch as the judgment did not direct the collection without appraisement, a sale could not be validly made without appraisement; that the judgment merged the notes sued upon, and should have been collected in accordance with the appraisement laws in force at the time of its rendition.

Was it necessary that the judgment should have directed its collection, without appraisement, in order to give the plaintiff therein the benefit of the law in force at the date of the contracts? A proper answer to this question settles the whole case.

It may be observed, that at common law the practice was

wholly unknown of directing in a judgment the manner in which it was to be collected. A Court of common law gave a judgment for the recovery of the debt, but did not, in the judgment, give any direction as to the manner of collection, unless authorized by particular statutes. Had we any statute at the date of the judgment in question, that authorized or required that the judgment in a case like the present should specify the manner in which it should be collected? We are not aware of any such, and believe none existed. Appraisement laws were passed in 1841 and 1842. Then came the act of *February* 11th, 1843, (R. S. 1843, p. 1044,) which was in force at the time the judgment in question was recovered. None of these acts contemplated, so far as we can perceive, a waiver of the benefit of the appraisement by contract. The act of *February* 13th, 1843, (acts 1843, p. 52,) provides for waiving the benefit of the appraisement laws in certain cases, and for entering judgment accordingly. See *Doe* v. *Craft*, 2 Ind. 359. This statute has no application to the case before us. There the judgment was collectable without appraisement, not because the notes waived appraisement, nor because the case came within the provisions of the statute cited, authorizing judgments to be rendered in certain cases waiving appraisement, but because the notes, upon which the judgment was rendered, were executed before the appraisement laws were passed.

The appraisement law in force at the date of the judgment in question was broad in its terms, and embraced such cases as the present. It provides that: "No property of any description whatever, either real or personal, shall be sold on execution, or by virtue of any other process issued by any officer of this State, for a less sum than its fair value at the time of such sale, after deducting all encumbrances thereon, except as hereinafter provided." See act of *February* 11th, 1843, *supra*. This language embraces "executions" or other

Rawley v. Hooker.

"process" issued upon judgments recovered upon contracts entered into before as well as after the passage of the law. The only reason why the judgment in question was not governed by the appraisement law cited, is because the law, if applied to contracts entered into before its passage, is unconstitutional and void. The Legislature had not provided for judgment to be rendered in such case to be collected without appraisement. The judgment being one which the plaintiff therein had the constitutional right to have collected on execution without appraisement, and the Legislature not having provided for rendering a judgment in such case in any other than the ordinary common law form, we see no impropriety in permitting a sale to be made in accordance with the constitutional rights of the plaintiff therein; and, upon a question being made as to the validity of the sale, permitting the record to be used to show the facts which authorized the sale to be made without appraisement. Perhaps, also, evidence *dehors* the record would be legitimate, but none such was offered. The record itself showed that the notes upon which the judgment was rendered, bore date in 1840, and that was *prima facie* sufficient evidence that they were then executed.

Perhaps the officer holding the execution would not be required to look beyond the execution, and determine at his peril whether he should sell with or without appraisement, but if he sells without appraisement, and it turns out that the sale was right, there can be no good reason for holding the sale void. Perhaps the better practice in such cases would be to procure an order of the proper court after the rendition of the judgment, directing the manner of sale, as was done in the case of *Lane* v. *Fox*, 8 Blackf. 58.

There are several cases decided in this Court that go upon the theory that, where a judgment is silent upon the subject of appraisement, evidence is admissible to show that it was rendered upon a contract entered into before the passage of

appraisement laws, and therefore not governed by them. These cases can not all be well reconciled with the contrary doctrine. *Vide Lane* v. *Fox, supra; Stewart* v. *Vermilyea,* 8 Blackf. 56; *Tevis* v. *Doe,* 3 Ind. 129; *Babcock* v. *Doe,* 8 Ind. 110; *Hutchins* v. *Hanna,* 8 Ind. 533; *Doe* v. *Collins,* 1 Ind. 24; *Small* v. *Ely,* 9 Ind. 177.

The argument is pressed upon our consideration that the judgment merged the notes upon which it was founded, and therefore that the parties were precluded from going behind it. To be sure, the notes were merged in the judgment, but it does not seem to us to follow necessarily that the parties could not go behind it in order to determine their rights in relation to the mode of collection as to appraisement. There are many cases that furnish clear analogies, and are in principal strictly in point. Thus in *Johnson* v. *Fitzhugh,* 3 Barb. Ch. R. 360, it was held that "in ordinary cases, although a judgment technically changes the nature of the debt, it is still in fact the same debt which was due at the commencement of the suit; and if contracted previous to the institution of proceedings in bankruptcy, it will be barred by the discharge, when such discharge is obtained subsequent to the entry of the judgment." In *Wyman* v. *Mitchell,* 1 Cow. 316, it was held that in an action of debt upon a judgment, rendered in the State of *New York,* the plaintiff was not estopped to show that the judgment sued upon was rendered on another judgment obtained in another State, which last mentioned judgment was obtained upon a contract made and to be performed there, before the passage of the insolvent laws of *New York,* in order to avoid the operation of those laws. In the case last cited the Court cite another case, with the following remarks: "The doctrine of merger is unconnected with the question. In the matter of *Wendell,* 19 Johns. 153, judgment was rendered against the insolvent in 1816, on a note given in 1812. The discharge was in 1817. In this case

Rawley v. Hooker.

the simple contract was merged; yet the Court do not consider the judgment as fixing the time when the cause of action accrued so as to give effect to the discharge, but the contract was made when the note was given. It was then competent for the plaintiff to show that the original demand was prior to the passage of the act." Again, in *Clark* v. *Rawlings*, 3 Comst. 216, it was held that "a judgment upon a contract technically merges the demand, but not in so complete a sense that the courts may not look behind the judgment to see upon what it is founded for the purpose of protecting the equitable rights connected with the original relation of the parties." Other cases might be cited, but we deem it unnecessary to explore the field any further.

The case of *Doe* v. *Crafts, supra,* is cited by counsel for appellant, as sustaining his view of the question involved. In that case a judgment was recovered in 1846, upon a note dated in 1845. The judgment did not direct collection without appraisement. Property was sold without appraisement. The purchaser to show his title valid, offered to prove that the note on which the judgment was rendered was executed after the first day of *June,* 1843, and stipulated for a waiver of the appraisement laws. It was held that the evidence was inadmissible. That case is not at all in conflict with the conclusion arrived at in this, but harmonizes entirely with it.

If the facts offered to be proved were true and authorized a collection without appraisement, they made out such a case as entitled the plaintiff originally, by the express terms of the statute, to take judgment waiving appraisement, and he should have thus taken his judgment. We have seen, however, that in cases where notes were executed before the passage of the appraisement laws, there was no provision for taking such judgment.

There may be provisions in the code of 1852 that would authorize the rendition of judgments to be collected without

appraisement, upon contracts entered into before the passage of our appraisement laws, and if so, it may be that upon judgments rendered after that code took effect, a sale could not be made without appraisement, unless it was so directed in the judgment. Upon this point we decide nothing, but allude to the code of 1852 for the purpose of saying that we pass upon no question that may arise under it.

We are of opinion that there was no error committed, hence the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs.

*James M. Hanna* and *Richard W. Thompson,* for the appellant.

*John P. Usher,* for the appellee.

NOTE.—Judge *Hanna* did not participate in the decision of the above entitled cause, because he had been of counsel therein. This cause was decided on *May* 27, 1862, and a petition for a rehearing was thereafter filed, which was overruled in *January,* 1863, and the cause was, by mistake, omitted from 19 Ind. R.