## HUBBLE *v.* OSBORN.

EVIDENCE.—*Number of Witnesses.*—A party cannot lawfully be limited by the court to one witness upon a vital point in issue.

SAME.—*Resulting Trust.*—Suit by A. against B. and C. for possession of certain real estate purchased by the plaintiff at sheriff's sale on an execution in favor of the plaintiff issued upon a judgment against B., the legal title at the time of such sale standing in the name of C., to whom it had been conveyed by D. The plaintiff claimed, that B. had paid the purchase-money, and, to defraud his creditors, particularly the plaintiff, to whom he was then largely indebted; procured the conveyance to be made by D. to C. It was claimed in defense, that in making the purchase B. acted as the authorized agent of C., who was not present, and that B. advanced the purchase-money in pursuance of an agreement with C. by which he was to so advance it as a short loan to C., who soon afterwards repaid the money. On the trial, B. testified to this effect, and C. testified to the same facts, except as to the fact of the loan, concerning which the court refused to allow him to testify.

*Held,* that this refusal was error.

RESULTING TRUST.—*Fraud.*—*Presumption.*—In such suit the court instructed the jury, that if B. was indebted to plaintiff in a large sum at the date of the deed from D. to C., and B. contracted for and paid for said land out of his own moneys, and had the same conveyed by deed to C., "such conveyance is presumed fraudulent as against the plaintiff, and a trust results in

favor of the plaintiff to the extent of his just demand, unless the fraudulent intent is disproved by the evidence before you."

*Held*, that the instruction was correct.

SAME.—*Evidence.—Admissions.*—The admissions and declarations of the person paying the purchase money, made after the conveyance to the other person, are not admissible in evidence against the latter.

PRACTICE.—*Motion for New Trial.—Filing of Affidavits.*—Motion for a new trial on the ground of misconduct of the jury. Affidavits in support, though ready, the party making the motion refused to put on file or submit to the inspection of the opposing counsel before the motion was taken up for argument, though he was previously notified in open court that objection would be made to the reading of them unless they were so filed. The court refused, therefore, to allow them to be read.

*Held*, that in this there was no error.

APPEAL from the Greene Circuit Court.

FRAZER, J.—This was a suit to recover the possession of a tract of land. The plaintiff claimed title by virtue of a purchase at sheriff's sale upon an execution in her favor issued upon a judgment against Samuel Hubble, recovered in the Common Pleas Court of Greene county. At the time of the sheriff's sale, the legal title stood in the name of the appellant, Daniel Hubble, to whom it had been conveyed by one Dayhoff, who was previously seized in fee simple, and it was claimed that Samuel (who was also a defendant) had paid the purchase-money and, to defraud his creditors, particularly the plaintiff, to whom he was then largely indebted, procured the conveyance to be made to the appellant, Daniel. This point constituted the chief matter of controversy. There was a verdict and judgment for the plaintiff, a motion for a new trial having been overruled, and Daniel appeals. Every question presented for our consideration arises upon the error assigned, that the court below erred in overruling the motion for a new trial.

It was shown by evidence that Samuel Hubble negotiated the purchase of the land and paid the purchase-money, Daniel not being present, and that he directed that the conveyance be made to Daniel.

The theory of the defense was, that in making the purchase Samuel acted merely as the authorized agent of Dan-

iel, the sickness of whose wife prevented him from leaving home; and that though Samuel did, in fact, advance the purchase-money, it was done in pursuance of an agreement between him and Daniel by which he was to do so as a short loan to Daniel, to be repaid, and that the money was accordingly soon after repaid to him by Daniel. This agreement the defendant offered to prove by the testimony of both Samuel and Daniel, but the court rejected the evidence, as appears by a special bill of exceptions; and this was one of the causes assigned for a new trial. It appears, however, by a subsequent bill of exceptions containing the evidence, that Samuel did, nevertheless, testify to that effect, and that Daniel also testified to the same facts except only the fact of the loan of the purchase-money by Samuel to him. Reconciling the two bills of exceptions as far as can be, we must conclude that after rejecting the evidence at first, the court afterwards permitted all the facts to be proved by one of the witnesses, and some of them by the other.

The evidence was all material, and went to the very heart of the controversy. We can perceive no good reason for rejecting any part of it, and certainly none for confining the appellant to one witness in proving the fact of the loan. If that fact existed the appellant should have had the verdict. It was therefore important to him to establish it by the greatest possible weight of testimony. The court could not lawfully limit him to one witness upon the vital point. This error must reverse the judgment.

The court instructed the jury as follows: "If the jury believe from the evidence that the defendant Samuel Hubble was indebted to the plaintiff in a large sum at the date of the deed from Dayhoff to Daniel Hubble, and that said Samuel contracted for and paid for said land out of his own moneys and had the same conveyed by deed to Daniel, said conveyance is presumed fraudulent as against said (plaintiff) creditor, and a trust results in favor of such prior creditor to the extent of her just demand, unless the fraudulent intent is disproved by the evidence before you."

It is claimed that this instruction was erroneous. We are not of that opinion. The act concerning trusts and powers (1 G. & H. 651, secs. 6, 7) and the code (sec. 526) seem conclusively to support the instruction. *Tevis* v. *Doe,* 3 Ind. 129, is an instructive case upon the subject.

The admissions and declarations of Samuel made after the conveyance to Daniel were admitted as evidence against Daniel, notwithstanding the objections of the latter. This was improper. Assuming there was, at the time, evidence adduced sufficient to show, *prima facie,* a conspiracy between Samuel and Daniel to defraud the plaintiff, that would only bind each by such declarations of the other as constituted a part of the *res gestæ,* and would not make subsequent statements of the nature of the transaction evidence against anybody but the person making them. 1 Greenl. Ev. § 111.

One cause assigned for a new trial was misconduct of the jury. Affidavits in support, though ready, the appellant refused to put on file or submit to the inspection of the appellee's counsel before the motion was taken up for argument, though he was previously notified in open court that objection would be made to reading them unless they were previously filed. The court refused, therefore, to allow them to be read upon the hearing of the motion. We would not, under such circumstances, say that there was error in this.

Judgment reversed, with costs, and the cause remanded for a new trial.

*S. Claypool,* for appellant.

*J. M. Hanna,* for appellee.