No. 9397.

## HANNA *v.* AEBKER ET AL.

FRAUDULENT CONVEYANCE.—*Resulting· Trust.—Priority of Judgment Creditors.—Execution.—Husband and Wife.*—Where A. purchases lands, and, with intent to defraud his creditors, causes a conveyance thereof to be made to his wife, the lands are subject to the execution of any such creditor, without resort to equity (R. S. 1881, sections 752, 2974, 2975), and where one of several judgment creditors proceeds in equity to subject such lands to his execution, he obtains no priority over the others.

SUPERIOR COURTS.—*Appeal.—Practice.*—On an appeal from the judgment of a superior court in general term reversing a judgment in special term, no question is presented for the Supreme Court, unless the transcript shows upon what grounds the reversal was adjudged.

From the Superior Court of Marion County.

*D. V. Burns* and *C. S. Denny*, for appellant.

*N. B. Taylor, F. Rand* and *E. Taylor*, for appellees.

FRANKLIN, C.—The facts in this case, as shown by the special findings of the court, made at the request of appellant, are as follows: On the 23d day of June, 1876, Christian Weigman, one of the appellees, recovered a judgment in the superior court of Marion county against one Peter Brockhousen, and immediately had an execution issued thereon and a levy made upon the real estate in controversy. On the 9th

day of October, 1876, one Milton Landis recovered a judgment in the same court against the said Peter Brockhousen. On the 27th day of October, 1876, said Landis, without issuing any execution on his judgment, commenced a proceeding to make the real estate in controversy subject to the payment of his judgment, alleging that said Brockhousen had, on the 4th day of April, 1876, with his own money, purchased said real estate from one Edward Rentch, and fraudulently caused the deed therefor to be executed to his wife Charlotte Brockhousen, without any consideration passing from her, with the intent and for the purpose of cheating, hindering and delaying the creditors of said Peter; that on the 7th day of March, 1877, the court found the allegations of the complaint true, and adjudged accordingly; and that said Weigman was not made a party to said proceeding; that on the 11th day of December, 1876, while said Landis' action was pending, said Brockhousen and wife conveyed by deed said real estate to said Weigman; that said Weigman, in pursuance of the levy of his execution on said real estate, on the 6th day of January, 1877, had the same sold at sheriff's sale, and purchased the same at said sale for the full amount of his judgment and costs. On the 23d day of July, 1877, said Weigman conveyed by deed said real estate to said appellee Aebker, and assigned said sheriff's certificate to him, upon which he received a deed for the same; that no sale or offer to sell said property was ever made under said Landis' judgment; that on the 4th day of April, 1878, said Landis sold and assigned his said judgment to appellant; that the legal title to said real estate never was vested in said Peter Brockhousen, but vested in said Charlotte; that the consideration therefor passed from said Peter, and that no consideration therefor passed from said Charlotte; that the title therefor was vested in said Charlotte, with the intent and for the purpose of cheating, hindering and delaying the creditors of the said Peter from the collection of their debts, and that he had not sufficient other property to pay his debts, all of which

said Charlotte well knew; that said Peter Brockhousen was insolvent at the commencement of this suit, except as to his equitable interest in said real estate; that on the 12th day of June, 1876, while said Charlotte held the legal title to said real estate, she and her said husband executed a mortgage to one Louisa M. R. Stern to secure $100 and interest to accrue, and that said Weigman had paid off and satisfied said mortgage in the sum of $110; that said Weigman had made improvements on the property in the sum of $20, and paid taxes in the sum of $19.25, and said Aebker had paid taxes in the sum of $8; that said conveyance from said Rentch to said Charlotte was fraudulent as against the creditors of said Peter Brockhousen.

Upon the foregoing substantial statement of the facts found, the court stated the following conclusions of law:

"*First.* That neither the judgment nor the execution in favor of the defendant Weigman was a lien upon the land in controversy; and no title passed by the said sheriff's sale thereunder.

"*Second.* That, by his proceeding hereinbefore found the plaintiff acquired priority over the said defendant Weigman, and those claiming through him, except as to the one hundred and ten dollar ($110) mortgage executed by Peter J. Brockhousen and Charlotte S. Brockhousen to Louisa M. R. Stern.

"*Third.* That, by the payment of said one hundred and ten dollar ($110) mortgage, said Weigman acquired priority to the extent of the amount of said mortgage, and interest thereon at ten (10) per cent. per annum from the date of said payment.

"*Fourth.* That, by the conveyance of the land in controversy by said Weigman to the defendant Henry Aebker, the latter became subrogated to all the rights of said Weigman, including his prior claim on account of said one hundred and ten dollar ($110) mortgage.

"*Fifth.* That the defendants are not, nor are any of them, entitled in this action to any allowance or benefit by reason of having paid taxes or made improvements upon the said land."

The defendants excepted to each and all of the conclusions of law. The plaintiff also excepted to each and all of the conclusions of law; and the court rendered judgment in accordance with said conclusions, to the entering of which judgment and decree both parties excepted; and defendants appealed to the general term of said court.

The defendants at general term assigned errors upon the first, second and fifth conclusions of law; and the plaintiff assigned cross errors on the third and fourth conclusions of law. Upon the hearing in general term, the court reversed the judgment at special term, from which decision the plaintiff (appellant) has appealed to this court, and has reassigned in this court the same cross errors which he filed in the general term of the court below, with the additional error, " That the court below in general term erred in affirming the judgment of the special term as to said errors pointed out in said cross assignment."

The record shows none of the proceedings at general term except the judgment of reversal. We have not been furnished with a copy of the opinion of the court at general term reversing the judgment at special term, nor with any brief on the part of appellees. We are unable to discover from the record, or from any agreement of counsel, upon what grounds the judgment at special term was reversed; nor are we informed, otherwise than by appellant's assignment of errors, that any portion of the judgment at special term was, upon the cross errors, affirmed at general term.

Appellant in his brief presents and discusses the question arising upon the *first* conclusion of law as stated by the court at special term, which certainly is not embraced in his assignment of errors in this court or his cross assignment of errors in the general term of the court below, and upon which we must presume, if we presume anything in the absence of the record showing it, that the judgment at special term was reversed by the court below at general term. Appellant has furnished us in his brief with copies of the opinion

of the court below at special term, and a dissenting opinion at general term, by which it appears that the question arising upon the *first* conclusion of law is the principal question in the case; and, although the question is presented upon only one side, a very unfair way of submitting a question to this court for decision, yet if the judgment is to be reversed, and the cause tried again, the question had as well be settled now as at a subsequent time.

It is insisted by appellant, as the court below at special term in its *first* conclusion of law stated, that real estate purchased and paid for by an insolvent debtor, and caused to be fraudulently conveyed to a third party without consideration and with notice, with the intent and purpose to cheat, hinder and delay his creditors, is not subject to the lien of a judgment against the purchaser, and can not be sold on execution; that the statute does not apply to cases other than where the title was once in the debtor and he has fraudulently conveyed it, and that, in cases where the title never was in the debtor, the creditor who first resorts to a court of equity to have his lien declared, and the property subjected to the payment of his debt, has a priority over other creditors.

The general rule is, that lands held by purchase under a bond or other contract for a deed, although the purchasemoney, in part or in whole, may have been paid, and there is no fraud in the delay of the execution of the deed, are not subject to any lien of a judgment against the purchaser, and can not be sold under an execution upon a judgment against him, without first resorting to a court of equity to have such debtor's interest therein declared subject to the payment of such judgment. *Modisett* v. *Johnson,* 2 Blackf. 431; *Gentry* v. *Allison,* 20 Ind. 481; *Jeffries* v. *Sherburn,* 21 Ind. 112; *Terrell* v. *Prestel,* 68 Ind. 86; *Evans* v. *Feeny,* 81 Ind. 532. But if the purchaser fraudulently combines with the vendor and holder of the legal title, for the purpose of the purchaser's having the possession and use of the premises, while the vendor retains the legal title, with the intention to cheat,

hinder and delay the purchaser's creditors from reaching the land in payment of their debts against him, or where the purchaser causes the land to be fraudulently conveyed to another, with like intent, under similar circumstances, equity will treat the land as having been conveyed to the purchaser, and make it subject to the lien of the judgment, and liable to be sold under execution issued upon the judgment, without first resorting to a court of equity to have the lien declared, thus treating the fraudulent omission to do an act as though it had been done; the same as treating the fraudulent doing of an act as though it had not been done. *Tevis* v. *Doe,* 3 Ind. 129; *Pennington* v. *Clifton,* 11 Ind. 162; *Hubble* v. *Osborn,* 31 Ind. 249.

The act concerning trusts and powers, 1 R. S. 1876, p. 915, contains the following provisions:

"Sec. 6. When a conveyance, for a valuable consideration, is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections.

"Sec. 7. Every such conveyance shall be presumed fraudulent, as against the creditors of the person paying the consideration therefor, and where a fraudulent intent is not disproved, a trust shall, in all cases, result in favor of prior creditors, to the extent of their just demands; and also in favor of subsequent creditors, if there be sufficient evidence of fraudulent intent."

Under these provisions, while no trust would result in favor of the purchaser, there would a trust result in favor of the purchaser's creditors.

The 526th section of the code provides that all lands, estates, or interest therein, that have been fraudulently conveyed, with intent to delay or defraud creditors, or that are held by any one in trust for or to the use of another, shall be liable to all judgments, and to be sold on execution against the debtor owning the same, or for whose use the same is held.

Hanna *v.* Aebker *et al.*

Under these provisions of our statutes, and the former decisions of this court, we think the court below, at special term, erred in its statement of the *first* conclusion of law; and that there was no error in the court below, at general term, reversing the judgment at special term; and that the judgment of the court, at general term, should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below at general term be, and the same is, in all things, affirmed, with costs.

## ON PETITION FOR A REHEARING.

FRANKLIN, C.—Upon the petition of appellants, we have re-examined the record in relation to our statement in the original opinion in regard to the assignment of errors, and find that the statement does counsel injustice. The assignment contains the general specification that the superior court in general term erred in reversing the judgment at special term. The record properly presents the question; and in our original opinion, notwithstanding our overlooking the proper specification in the assignment of errors, we examined and decided the question presented and discussed by appellant's counsel, which is, that real estate bought and paid for by a judgment debtor with his own means, and fraudulently, without any consideration, caused to be conveyed to his wife to defraud his creditors, can be sold on execution, without resorting first to a suit in equity to have it declared subject to the payment of the judgment. We have examined the authorities referred to by appellant in his brief for a rehearing, and are content with our original conclusion.

If it were otherwise, the judgment below must be affirmed any way. The case comes from the superior court; the judgment of the special term was reversed by the court in general term. The opinion of reversal is not made a part of the record; nor is there any statement in the record as to what errors were found in the proceedings of the court in special

term, or what directions were given in remanding the cause to the special term.    We can not tell from the record upon what grounds the judgment of the special term was reversed.    The questions are not properly presented by the record to this court.    *Gutperle* v. *Koehler*, *ante* p. 237.

PER CURIAM.—The petition for a rehearing is overruled.