Shearer, J.
This cause is submitted on demurrer to the petition, which is a petition to marshal the liens and adjust the priorities thereof, upon certain personal property belonging to a partnership composed of George P. Stiles and Abram H. Stiles, upon which executions have been levied by the plaintiff and divers of the defendants, creditors of said partnership.
The petition shows that the plaintiff’s levies rest upon judgments rendered in its favor against G. P. and Abram H. Stiles individully, and that the defendant creditors’ levies stand upon the judgments rendered against Geo. P. and Abram PI. *533 Stiles as partners, doing business under the firme name and style of George P. and Abram H. Stiles ; and it is alleged that plaintiffs claims, upon which its judgments are founded, were in fact partnership obligations for money loaned to and for the use of said partnership, signed, as the defendant creditors knew, in the manner the partnership was accustomed to execute its obligations, namely in the names of the partners individually.
But the defendants, creditors of said Stiles, contend that the judgments of the plaintiff being in form against the individuals composing the firm, and not as partners, the plaintiff must be conclusively held to have elected to pursue the partners individually, and not the firm; that the plaintiff' cannot go behind the judgments into which its claims have been merged, for the purpose of showing that said demands are other than what they purport to be — claims against the members of the firm individually.
Partnership property is held by the partners in trust for the payment of the partnership debts, and in trust for the partners ; and they have the right and it is their duty to have it applied to the satisfaction of firm debts before devoting it to the payment of the individual liabilities of the partners.
Creditors of the partnership must work out their rights through the partners, and ordinarily they cannot assert a right to an application of the firm assets, different from what the partners might insist upon; and unless the mere fact of taking judgment against these debtors defendants individually concludes the plaintiff, and bars it from showing’the fact as to the relation of the defendants Stiles to the debt, it follows that the demurrers are not well taken.
On general principles, we are of the opinion that the substance rather than the form of this transaction is to be considered.
It is admitted by the demurrers that plaintiff’s claim is an obligation, or is founded upon an obligation, of the partner *534 ship; that is, for money loaned by the bank to the members of the firm for the use of the firm, and that it was used by the firm; and that the property levied on is the property of the firm ; and no reason is perceived why it should not be used in satisfaction of the firm debts as law and equity required.
Powell, Ricketts Black, Booth & Keating and M. R. Patterson, for demurrants.
W. P. Vaughan, Olds & Olds, and Watson, Burr & Livesay, contra.
In Martin v. Davis, 21 Iowa, 535, it is laid down that “the fact that a judgment on a firm debt was rendered against only a part of the members of the firm does not affect the equitable right to have the partnership property subjected to its payment.” * * * “The rule in equity does not regard the form of the judgment, but the substance of the debt.”
And this answers the contention that the plaintiff’s demand must be held to be an individual liability because it is founded upon notes' executed by the partners individually, and not as partners, or in the firm name. The substance of the debt was money loaned to the firm.
The claims of the parties herein are precisely equal in equity, and the creditor defendants are entitled to no preference.
Again, in Clark v. Rawlings, 3 Comstock, 216, (cited with approval in Baker v. Kinsey, 41 Ohio St, 409), it is held that “ a judgment upon a contract technically merges the demand, but not in so complete a sense that the court may not look behind the judgment to see upon what it is founded, for the purpose of protecting the equitable rights connected with the original relation of the parties.” See also Wyman v. Mitchell, 1 Cow. 316; Raymond v. Merchant. 3 Id. 147; Betts v. Bayly, 11 Pick. 572; Rawley v. Hooker, 21 Ind. 144.
It was not necessary to describe the defendants debtors as partners in the judgment. Trowbridge v. Cushman, 24 Pick. 310.
The demurrers will be overruled.